ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DARREN J. ROBBINS (168593)
TRAVIS E. DOWNS III (148274)
BENNY C. GOODMAN III (211302)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
travisd@rgrdlaw.com
bgoodman@rgrdlaw.com
hschlesier@rgrdlaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WESLEY G. BUSH, et al., <br><br> Defendants, <br><br> – and – <br><br> CISCO SYSTEMS, INC., a California corporation, <br><br> Nominal Defendant. | Case No. 4:20-cv-06651-JST <br><br> PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND RELATED IMPLEMENTING RELIEF |

1    Defendants' Opposition offers little defense of Magistrate Judge Hixson's erroneous
2  Discovery Orders (ECF Nos. 67, 71) (together, "Discovery Order").  Instead, the Opposition seeks to
3  justify defendants' decision to withdraw Cisco Systems, Inc.'s ("Cisco") purportedly exculpatory
4  report based on the Magistrate's flawed Discovery Order.  In essence, defendants concede the merits
5  of Plaintiff's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge and Related
6  Implementing Relief ("Objection") (ECF No. 72).  Without the Discovery Order, defendants attempt
7  to shield Cisco's findings around defendants' misconduct from judicial review cannot stand.

8    Under *Kamen v. Kemper Fin. Servs., Inc*., 500 U.S. 90, 98, 108 (1991), a federal court shall
9  apply the law of the state of incorporation to disputes that involve the internal affairs of a Delaware
10 corporation.  Therefore, because Cisco is a Delaware corporation, Delaware law governs the internal
11 affairs of Cisco.

12    Delaware law affords only two ways for a board of directors to enforce its right to control the
13 corporation's litigation.  The first is a motion to dismiss for failure to allege either futility of demand
14 or wrongful refusal.  *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984); *Kamen*, 500 U.S. at 102.  The
15 second is a motion to terminate based on an internal committee investigation and report.  *Zapata*
16 *Corp. v. Maldonado*, 430 A.2d 779 (Del. 1981).  There is not a third way.  Nothing in Delaware law
17 contemplates the distinction between a motion to dismiss and a termination motion drawn by the
18 Magistrate.

19    The hybrid *Frankenstein* motion recognized by the Magistrate in the Discovery Order,
20 impermissibly combining a pleading motion to dismiss and a quasi-summary judgment motion to
21 terminate, does not exist under Delaware substantive corporation law.  Nor could it because a
22 termination motion relies on extrinsic evidence beyond the four-corners of a complaint whereas a
23 motion to dismiss cannot.

24    Worse, allowing the Discovery Order to stand will effectively create new authority not
25 contemplated by Delaware law, further illustrating just how far the Magistrate Judge strayed beyond
26 the narrow discovery reference of this Court.  *See* June 15, 2021 Order Referring All Discovery
27 Disputes to Magistrate Judge and Order Extending Briefing Schedule at 1 (ECF No. 64)
28 (constraining the Magistrate's duties to only "[d]iscovery disputes in this case.").  It simply is not the

1  province of a federal district court to create new Delaware substantive corporation law in connection

2  with a discovery matter.

3          But, because the Discovery Order does so, it is also legally invalid under *Kamen*, 500 U.S. at

4  98.  There, the United States Supreme Court confirmed that a federal district court must apply the

5  law of the state of incorporation as it finds it to matters involving the internal affairs of a corporation.

6  *Id*. at 98, 108.  Neither *Kamen* nor this Court's June 15, 2021 reference gave the Magistrate the

7  authority to enlarge defendants' substantive rights under Delaware corporation law by forging an

8  escape hatch for defendants to avoid judicial scrutiny of Cisco's purportedly exculpatory report.  *See*

9  Objection at 2 and n.2.[1]

10         Defendants completely and conveniently ignore the contaminating effects of their withdrawal

11  of Cisco's report on the proceedings in this matter.  According to defendants, the findings of that

12  report purportedly clear defendants of liability for any misconduct alleged in the Complaint.  A

13  conclusion reached, defendants further represent, only after Cisco completed an independent, good

14  faith and thorough factual investigation and competent legal analysis of the matters raised in the

15  Complaint.  Cisco's Motion to Dismiss or Terminate Derivative Litigation ("Cisco Motion") at 1-2,

16  8-11 (ECF No. 48).  Yet, they provide no explanation of why defendants, who control Cisco,

17  withdrew their "exculpatory" evidence provided by the report.  By withdrawing Cisco's report,

18  defendants have made it virtually impossible for the Court to rule on the merits.

19         Then, to compound matters, defendants are continuing to seek dismissal of the Complaint for

20  failure to state a claim, while refusing to provide the Court with Cisco's report that purportedly finds

---

21  [1]      Magistrate Hixson speculates about potential cost-savings that could arise from breaking with
22  established practice and ruling on defendants' motion to dismiss first.  *See* Objection at 2.  Whatever
   benefit this approach may yield, it is contrary to Delaware and Northern District precedent
23  authorizing limited discovery on a motion to terminate and must fail.  A shareholder derivative
   action is a dual action that combines two lawsuits into one.  The first lawsuit involves which party
24  has the right to control the corporation's litigation, while the second lawsuit involves the
   corporation's claims against directors, officers and relevant third-party defendants.  Because the
25  penultimate issue in every shareholder derivative action is who is the correct party to control the
   corporation's litigation, this issue is virtually always resolved first.  *In re Finisar Corp. Derivative*
26  *Litig*., 542 F. Supp. 2d 980, 996 (N.D. Cal. 2008); Objection at 5.  The Magistrate departed from this
   established principle and in doing so misapplied Delaware law.  In any event, the limited discovery
27  initially ordered by the Magistrate will not burden defendants.  Cisco, under defendants' direction,
   already collected and analyzed the documents during the course of the investigation.  Cisco Motion
28  at 9 (ECF No. 48).

1   there are no valid legal claims against defendants in the Complaint.  This disconnect compels limited

2   discovery into Cisco's investigation as well.  Given defendants' silence, the only rationale for the

3   withdrawal of Cisco's report is because the light it sheds on defendants' alleged misconduct is more

4   incriminating than otherwise.  *In re Tyson Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563, 578

5   (Del. Ch. 2007), former Delaware Chancellor Chandler observed that "it is more reasonable to infer

6   that exculpatory documents would be provided than to believe the opposite: that such documents

7   existed and yet were inexplicably withheld."  So too here.  Therefore, Cisco's investigation and

8   report must be made available to this Court in connection with the motion to terminate.

9   Accordingly, plaintiff's Objection to the Discovery Order should be sustained.

10          Established Northern District precedent authorizes the limited discovery at issue here.  *In re*

11  *Trident Microsystems*, *Inc. Derivative Litig.*, No. 5:06-cv-03440-JF (PVT), Order on Motion to

12  Compel Production of Documents (N.D. Cal. Apr. 17, 2009) (ECF No. 131); Objection at 4, 5.  The

13  Court requires the limited discovery for the record necessary to adjudicate a motion to terminate that

14  is a hybrid-motion for summary judgment under both Delaware and Northern District precedent.

15  Order Denying the Special Litigation Committee's Motion to (1) Terminate and Dismiss the

16  Amended Consolidated Complaint, *In re KLA-Tencor Corp., S'holder Derivative Litig.*, No. 5:06-

17  cv-03445 JW (HRL) (N.D. Cal. Dec. 12, 2008) (ECF No. 484); Objection at 3.

18          Defendants cannot now evade liability by hiding behind arguments that the Complaint is

19  deficient, while simultaneously hiding Cisco's purportedly exculpatory report from review by this

20  Court.[2]  Shareholder derivative actions are suits in equity.  *Kamen*, 500 U.S. at 95; *Cohen v.*

21  *Beneficial Indus. Loan Corp.*, 337 U. S. 541, 548 (1949) ("Devised as a suit in equity, the purpose of

22  the derivative action . . . [is] to protect . . . the corporation from . . ." "faithless directors and

23  managers.").  Here, defendants withdrew Cisco's purportedly "exculpatory" report to avoid court

24  review.  Therefore, it would be inequitable to allow their dismissal motion to progress without Cisco

25  first producing the report and related investigation materials.

26  _____

27  [2]     For the same reasons stated above, the Private Securities Litigation Reform Act of 1995 ('PSLRA')'s discovery stay should be lifted to allow this Court to consider Cisco's investigation and report in connection with the individual defendants' motion to dismiss.  Alternatively, under Rule

28  56(g) the same limited relief should be granted.

1    Neither the PSLRA nor the Federal Rules of Civil Procedure exist to support such

2  gamesmanship.  The purpose of the PSLRA's discovery stay is not to assist defendants in burying

3  meritorious claims.  It exists to help weed out meritless claims, *Turocy v. El Pollo Loco*, No. SA CV

4  15-1343-DOC (KESx), 2017 U.S. Dist. LEXIS 71662, at *2 (C.D. Cal. May 10, 2017), precisely the

5  opposite of the situation here.  Accordingly, the Court should partially lift the PSLRA discovery

6  stay, as other federal district courts have done where staying discovery does not serve the policy

7  objectives of the PSLRA.  *In re Bank of Am. Corp. Sec., Derivative, and ERISA Litig.*, No. 09 MDL

8  2058 (DC), 2009 U.S. Dist. LEXIS 108322, at *4-*5, *8 (S.D.N.Y. Nov. 16, 2009) ("'courts have

9  modified the discovery stay in securities class actions when doing so would not frustrate Congress's

10  purposes in enacting the PSLRA'"); *El Pollo Loco*, 2017 U.S. Dist. LEXIS 71662, at *5 (lifting stay

11  because otherwise plaintiffs "would be unduly disadvantaged"); *In re FirstEnergy Corp. Sec. Litig.*,

12  229 F.R.D. 541, 545 (N.D. Ohio Jan. 26, 2004) (partially lifting stay "to prevent undue prejudice to

13  the plaintiff").

14  DATED:  July 30, 2021                          Respectfully submitted,

15                                                 ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
16                                                 DARREN J. ROBBINS
                                                   TRAVIS E. DOWNS III
17                                                 BENNY C. GOODMAN III
                                                   HEATHER G. SCHLESIER
18

19                                                      s/ Travis E. Downs III
                                                   TRAVIS E. DOWNS III
20
                                                   655 West Broadway, Suite 1900
21                                                 San Diego, CA  92101
                                                   Telephone:  619/231-1058
22                                                 619/231-7423 (fax)
                                                   darrenr@rgrdlaw.com
23                                                 travisd@rgrdlaw.com
                                                   bgoodman@rgrdlaw.com
24                                                 hschlesier@rgrdlaw.com

25

26

27

28

1

2
          ROBBINS GELLER RUDMAN
3
             & DOWD LLP
          SHAWN A. WILLIAMS
4
          Post Montgomery Center
          One Montgomery Street, Suite 1800
5
          San Francisco, CA  94104
          Telephone:  415/288-4545
6
          415/288-4534 (fax)
          shawnw@rgrdlaw.com
7
          Attorneys for Plaintiff
8
          ASHERKELLY
9
          CYNTHIA J. BILLINGS-DUNN
          25800 Northwestern Highway, Suite 1100
10
          Southfield, MI  48075
          Telephone:  248/746-2710
11
          248/747-2809 (fax)
          cbdunn@asherkellylaw.com
12
          Additional Counsel for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 30, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Travis E. Downs III
TRAVIS E. DOWNS III

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  travisd@rgrdlaw.com

4850-9008-7156

# Mailing Information for a Case 4:20-cv-06651-JST City of Pontiac General Employees' Retirement System v. Bush et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jordan Bradford-Shivers**
  jbradford-shivers@fenwick.com,jordan-bradford-shivers-5612@ecf.pacerpro.com,vschmitt@fenwick.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,aepstein@fenwick.com,jennifer-bretan-2534@ecf.pacerpro.com

- **Alexis I. Caloza**
  acaloza@fenwick.com,pnichols@fenwick.com,alexis-caloza-6700@ecf.pacerpro.com

- **Travis E. Downs , III**
  travisd@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Benny Copeline Goodman , III**
  bennyg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,dean-kristy-2035@ecf.pacerpro.com,lkelleybourne@fenwick.com

- **Darren Jay Robbins**
  darrenr@rgrdlaw.com

- **Heather G. Schlesier**
  hschlesier@rgrdlaw.com,cbarrett@rgrdlaw.com,HSchlesier@ecf.courtdrive.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)